IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES DEAN, INC., <br><br> Plaintiff, <br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 25-cv-2058-DAE <br><br> Honorable David A. Ezra |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, James Dean, Inc. ("Dean" or "Plaintiff") hereby moves this Court for entry of a Preliminary Injunction against the Defendants identified on the Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement. Plaintiff additionally respectfully moves for an order setting a preliminary injunction hearing.

The scope of the Preliminary Injunction is substantially identical to the Temporary Restraining Order, entered December 29, 2025. *See* ECF No. 6. On January 13, 2026, the TRO was extended until January 26, 2026. *See* ECF No. 10.

In support of this motion, Plaintiff respectfully refers the Court to the following Memorandum of Law:

1

**MEMORANDUM OF LAW**

As alleged in the Complaint (ECF No. 1), the Defendants are promoting, advertising, distributing, and offering for sale infringing goods of Plaintiff's federally registered trademark (the "Infringing Products") through various fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified in Schedule A to the Complaint (collectively, the "Defendant Internet Stores" or "Seller Aliases").

I.   **BACKGROUND**

On December 29, 2025, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). *See* ECF No. 6. The TRO authorized Dean to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website. *Id.* at 17. This Court granted Dean's *Ex Parte* Motion to Extend the Temporary Restraining Order until January 26, 2026. *See* ECF No. 10. Since, and pursuant to entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. See Declaration of Sofia Hastings ("Hastings Decl.") at ¶ 2.

Dean respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Unauthorized Dean Products during the pendency of this litigation. As part of the Preliminary Injunction, Dean requests that Defendants' financial accounts remain frozen until completion of these proceedings.

**II.     A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate**

Dean respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. The court, addressing similar allegations of Internet-based infringement have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Metallica v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 6:25CV00089 ECF No. 22 (W.D.T.X. April 22, 2025).

**A.     This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied**

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit; as such, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). A temporary restraining order or preliminary injunction may be issued upon a showing that "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of [injunctive relief] will not disserve the public interest." *Id*. By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied. Indeed, Dean's motion for a TRO includes screenshots of the Defendant's infringing products on various website platforms. *See* ECF No. 6.  No Defendant has appeared or challenged any of this Court's findings.

**1.     Plaintiff will Prevail on Its Claims**

Plaintiff brought two claims in the present case, one for trademark infringement and the second claim for false designation of origin. *See* ECF 1.

**a)     Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)**

1

To succeed on a claim for trademark infringe, Plaintiff must show that (1) Plaintiff owns the trademarks at issue; (2) Defendants are using the trademarks without Plaintiff authorization; and (3) Defendants' use of the marks is likely to cause confusion, mistake, or deception regarding the origin, affiliation, or sponsorship of Defendant's products. See 15 U.S.C. § 1114(1). The three prongs of the likelihood of success on the merits weigh in plaintiff's favor since: (1) Plaintiff owns the Federally Registered Dean Trademarks (ECF No. 1-1); (2) Defendants do not have authorization to use the Dean Trademarks (ECF No. 7-1);and (3) This court found that the eight "digits of confusion" weigh in Plaintiff's favor (ECF No. 10 at 8). *See Future Proof Brands, L.L.C. v. Molson Coors Bev. Co.*, 982 F.3d 280, 289 (5th Cir. 2020); *see also Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 218 (5th Cir. 1985) (listing the eight "digits of confusion"). This Court has already found that Plaintiff's evidence has established a likelihood of success on the merits. *See* ECF No. 10 at 12. Furthermore, since Defendants are selling products using marks that are identical to Plaintiff's registered marks, Plaintiff will also succeed on the counterfeiting claim in Count 1 of the Complaint.

### b) False Designation of Origin (15 U.S.C. § 1125(a))

This court found that "Plaintiff has established that online consumers are likely to be deceived or confused by the similarity of the marks at issue and purchase Defendants' products because of that deception or confusion to the detriment of Plaintiff's business" which establishes that Plaintiffs will likely succeed on the merits on their false designation of origin claim. *See* ECF No 10 at 10. However, Plaintiff respectfully disagrees with this courts finding that "Section 1125 is limited in scope, however, to unregistered marks". *Id*.

15 U.S.C.A. § 1125(a), also known as Section 43(a) of the Lanham Act, does not pertain exclusively to registered marks. *See Levi Strauss & Co. v. Connolly*, 721 F. Supp. 3d 987, 998 (N.D. Cal. 2024) (stating that while a claim for trademark infringement under Section 32 of the Lanham Act requires ownership of a registered mark, a claim for unfair competition under Section 43 does

2

not, as it protects the infringement of both unregistered marks and trade dress in addition to registered marks). Instead, Section 1125 provides broad protection for both registered and unregistered trademarks, as well as trade dress, under its provisions for false designation of origin and unfair competition. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 776, 112 S. Ct. 2753, 2761, 120 L. Ed. 2d 615 (1992) (stating that The Court interprets 15 U.S.C.A. § 1125(a) to include unregistered trademarks or trade dress). Additionally, federal trademark registrations merely serve as a formal recognitions of the rights the user holds under common law through prior use and appropriation. *State of N. Y. by Lefkowitz v. Transcience Corp.,* 362 F. Supp. 922, 927 (S.D.N.Y. 1973). Therefore, Plaintiff requests this court to find that Plaintiff does establish a likelihood of success proving its false designation of origin claim since Plaintiff has shown that consumers are likely to be confused by the identical and/or nearly identical marks used on Defendant's infringing products.

## 2.     Plaintiffs Will Continue to be Irreparably Harmed

To establish liability for trademark infringement and justify an injunction, a plaintiff only needs to show a likelihood of confusion, the harm is presumed. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013). The Trademark Modernization Act of 2020 added a rebuttable presumption of irreparable harm once a plaintiff shows a likelihood of success on the merits in motions for injunctive relief. 15 U.S.C. § 1116(a). Additionally, if confusion is likely, a plaintiff suffers immediate and irreparable injury due to lack of control over the quality of the defendant's goods, regardless of their actual quality. *Quantum Fitness Corp. v. Quantum LifeStyle Centers*, L.L.C., 83 F. Supp. 2d 810, 831 (S.D. Tex. 1999). If a preliminary injunction is not granted, Plaintiff will continue to suffer irreparable harm due to Defendants continuing to sell products that violate the Dean trademarks, causing ongoing consumer confusion, loss of goodwill, and brand dilution that cannot be remedied by money alone. Additionally, this court found "that a rebuttable

presumption of irreparable harm exists as to Defendants' alleged trademark infringement". *See* ECF No. 10 at 12.

### 3. The Balance of Hardship Continue to Weigh in Plaintiffs Favor

Plaintiff devoted considerable effort, financial resources, and other assets to establishing the brand's quality, reputation, and customer goodwill. Since Defendants have been profiting from the sale of the Unauthorized Dean Products, the public is currently under the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement. Any injury that Defendants might suffer from entry of a preliminary injunction is nothing more than part of the cost Defendants must pay for violating the law. The injunction prevents Defendants from profiting off its unlawful acts. In conclusion, this court also has found that "the balance of hardships tips in favor of Plaintiff" regarding an injunction. *See* ECF No. 10 at 13.

### 4. The Public Interest Favors Granting The Preliminary Injunction

The public has an interest in not being subjected to confusing and potentially misleading marks or names so that it can rely upon trademarks to identify the source and quality of goods and services. Here, there is a likelihood of confusion that would result in absence of injunctive relief and "a preliminary injunction will not undermine the public interest." *Am. Dairy Queen Corp. v. UAM, LLC*, 2024 WL 4628372, at *2 (W.D. Tex. Oct. 25, 2024). Additionally, the public has a significant interest in safeguarding the rights of trademark owners. *See Best W. Int'l, Inc. v. R & Z Arastu Fam. Ltd. P'ship, No.* SA-07-CA-902-OG, 2007 WL 9710714, at *2 (W.D. Tex. Dec. 10, 2007). Therefore, it is in the public's interest to issue a preliminary injunction order "to protect Plaintiff's trademark interests and protect the public from being defrauded by the alleged palming off of counterfeit goods as Plaintiff's genuine goods". *See* ECF No. 10 at 14.

Pursuant to this motion for a preliminary injunction, and consistent with the facts presented in the motion for a TRO, Plaintiff has demonstrated that it is entitled to injunctive relief. Moreover,

4

no Defendant has appeared to contest or rebut the evidence, further supporting the issuance of a preliminary injunction in Plaintiff's favor.

### B. The Equitable Relief Sought Remains Appropriate

The Lanham Act provides that an injunction may be granted as a remedy for trademark infringement and that a plaintiff "shall be entitled to a rebuttable presumption of irreparable harm … upon a finding of a likelihood of success on the merits." 15 U.S. Code § 1116(a).

Dean requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, e-commerce platforms and payment processors such as eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Walmart, Inc. ("Walmart"), Temu ("Whaleco Inc."), and Alipay US, Inc. ("Alipay") (collectively referred to herein as "Payment Processors"), have provided Dean with information, including the identification of several financial accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Unauthorized Dean Products.

An asset freeze is appropriate during the preliminary injunction phase to ensure that any future recovery of damages, lost profits, and harm to Plaintiff's brand can be effectuated. Without control over Defendants' assets, there is a significant risk that Defendants could dissipate or transfer funds, leaving Plaintiff without the ability to recover compensation for the ongoing infringement. By freezing assets, the Court can preserve the status quo and prevent Defendants from undermining the effectiveness of any final judgment. Given the irreparable harm to Plaintiff's goodwill and brand reputation, as well as the financial losses already incurred, an asset freeze is a necessary and equitable measure to protect Plaintiff's rights and interests. The amount of damages to which Dean is entitled, as set forth in the Complaint, far exceeds any amount contained in any of the Defendants' frozen financial accounts. That aside, the actual damages in this case are

significant and the full scope is not fully ascertainable without further discovery. Plaintiff is entitled to recovery of their lost profits and any disgorgement of defendants profits not taken into account in awarding such lost profits. These damages are the result of Defendants' sales of infringing goods, the full amount of which cannot be ascertained without discovery into Defendants' records, which remain hidden due to Defendants' failure to appear and participate. In addition, and as established in Dean's Motion for TRO (ECF No. 6) many federal courts, including the 5th Circuit Court, have granted orders preventing the fraudulent transfer of assets. *See, e.g Animale Group Inc. v. Sunny's Perfume Inc.*, 256 Fed. Appx. 707 (5th Cir. 2007) (Upholding the district court's asset freeze as an equitable remedy in a counterfeiting enforcement action). As such, an order continuing to freeze the Defendants' assets be granted.

Additionally, without an injunction it is assured that Defendants will move, or attempt to move, any assets from any accounts in U.S.-based financial institutions to an offshore account for the purpose of avoiding liability and to frustrate Plaintiff's ability to recover the damages to which it is entitled. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

### III.     CONCLUSION

In view of the foregoing, Dean respectfully requests that this Court enter the preliminary injunction and Plaintiff James Dean, Inc. additionally moves for an order setting a preliminary injunction hearing.

Dated: January 26, 2026                                           Respectfully submitted,

/s/ *Sofia Hastings*
Sofia Hastings

***One of the Attorneys for Plaintiff***

6

Matthew De Preter
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3186
cdepreter@agdglaw.com
shastings@agdglaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to all attorneys of record.

/s/ *Sofia Hastings*